## ILLINOIS SURETY CO. v. HILDEBRAND.

(Supreme Court, Appellate Term.  January 5, 1911.)

1. INSURANCE (§ 186*)—PREMIUMS—ACTION FOR PREMIUMS.

The defendant signed an agreement to pay premiums of a bond given by the plaintiff as surety for the performance of a contract made by the defendant with the city: "One thousand ($1,000) and five hundred ($500) dollars annually thereafter ($1,000) per annum in advance." The agreement further provided that if the contract ran over one year the premium should be prorated at the rate of $500 per annum. Held, that defendant's liability was to pay $1,000 on the execution of the bond, and that there was no further liability for premiums until the contract with the city had run for one year, and that further premiums were to be paid at the end of each subsequent year at the rate of $500, or at the termination of defendant's contract with the city before the end of a yearly period the premium was to be prorated at the rate of $500 per year for such part of the year as the contract should have continued.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 186.*] .

2. INSURANCE (§ 188*)—PREMIUMS—ACTIONS FOR PREMIUMS—PLEADINGS.

Where the defendant was sued by a surety company for premiums upon a surety bond given by the surety company to secure performance by defendant of his contract with the city, a premium being due one year from the execution of the bond, and the plaintiff did not plead that defendant's contract with the city had run more than a year, but was permitted to give proof on that point over defendant's objection, and without any amendment of the complaint, it is reversible error.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 188.*]

Appeal from City Court of New York, Trial Term.

Action by the Illinois Surety Company against George Hildebrand. From a judgment for plaintiff upon a directed verdict, the defendant appeals.  Reversed.

Argued before GIEGERICH, BRADY, and GAVEGAN, JJ.

M. Carl Levine, for appellant.

Wray & Callaghan (Stephen Callaghan and Nelson L. Keach, of counsel), for respondent.

GIEGERICH, J.  Plaintiff sues upon an agreement for the payment of premiums upon a bond which the plaintiff signed as surety for the defendant for the performance of a contract made by the latter with the city of New York.  A copy of the agreement was annexed to the complaint.  It was executed on April 9, 1908, evidently

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

upon a printed blank form, and the provisions for the payment of the premiums are as follows:

"I do hereby covenant and agree to pay the premium or fees agreed upon, namely, one thousand ($1,000) and five hundred ($500) dollars annually thereafter ($1,000) per annum in advance."

A further provision of the agreement is as follows:

"If contract runs over one year the premium is to be prorated at the rate of $500 per annum."

It is apparent from the context of the agreement that the contract referred to in the clause last quoted is the contract between the defendant and the city of New York, and not the contract between the defendant and the surety company.

The language of the agreement upon which the action is brought is quite ambiguous and uncertain; but, no evidence having been offered to explain it, I think the court was bound to interpret it as meaning that $1,000 was to be paid on the execution of the bond, but that there should be no further liability for premiums until the contract between the defendant and the city, for the performance of which the plaintiff was surety, had run for one year, and that further premiums were to be paid at the end of each subsequent year at the rate of $500 per annum or at the termination of the contract within the second or any subsequent year at the same rate per annum for such part of the year as the contract should continue. No provision being made for the payment in advance of any but the first premium, and the contract containing the provision for prorating of subsequent premiums, it follows that the defendant could not be required to pay anything in advance at the commencement of the second or any subsequent year because the amount for which he might prove to be liable under the agreement could not then be ascertained, and he certainly could not be required to pay any greater sum, depending upon the plaintiff to return the excess, in the absence of a clear agreement to that effect.

The plaintiff did not plead that the defendant's contract with the city had run more than the one year. At the opening of the case the defendant moved to dismiss the complaint upon this ground, and when the plaintiff rested the motion was renewed upon the ground that there was no allegation nor proof of this fact. Nevertheless, the motion was again denied, and the plaintiff was permitted to reopen and to give such proof over the defendant's objection and without any amendment of the complaint.

For this error the judgment and order must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment and order reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.